## IN THE UNITED STATES COURT OF APPEALS
### FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 26-1125 |
| | ) | |
| **MARIMAR MARTINEZ** and | ) | |
| **ANTHONY IAN SANTOS RUIZ** | ) | |
| | ) | |
| | ) | |

### MEDIA PARTIES' MOTION TO DISMISS ITS APPEAL

Pursuant to Federal Rules of Appellate Procedure 27 and 42(b), the Chicago Tribune Company, the Chicago Sun-Times Media, Inc, and WBEZ (Chicago Public Media, Inc.) (collectively the "media parties") respectfully move to voluntarily dismiss their appeal with prejudice in this matter.

1.      This case involved the criminal prosecution of two United States citizens stemming from an incident that occurred on October 4, 2025 during Operation Midway Blitz in which one of the defendants was shot five times by federal agents. Dkt. 22.[1]

2.      On November 20, 2025, this Court granted the government's motion to dismiss the case against Defendants Martinez and Ruiz who were indicted for impeding, intimidating, and interfering with federal agents. Dkt. 70.

3.      On the day of the dismissal, Media Parties made an oral motion to intervene on an emergency basis for the purposes of modifying the protective order and for immediate access to video footage, photographs, and all other evidence relied on by the Court. Dkt. 71 at 3-7.

---

[1] Numbered docket entries in the district court case, No. 1:25-cr-636, are cited as Dkt.#, at #.

4.     The Court declined Media Parties' request that dismissal be entered and continued for one day but informed counsel that the Court would consider a written motion to intervene the following day. *Id.*

5.     Media Parties filed a motion to intervene and supporting brief on November 21, 2025 and a briefing schedule was set. Dkt. No. 422.

6.     The motion was fully briefed on December 11, 2025. Dkt. 90.

7.     On December 19, 2025, the Court denied Media Parties' motion to intervene for lack of standing and found that intervention was untimely. The Court noted that, "the litigants have voluntarily found themselves to keep certain discovery confidential, and they have not sought relief from the requirements of the protective order. There is no motion from either defendant seeking to modify the protective order. Therefore, there is no willing speaker on which to premise a First Amendment 'right to receive' claim." Dkt. 94, at 18.

8.     Media Parties disagree with the district court's contention that intervention was untimely. The government's motion to dismiss the charges against the defendants was filed mere hours before it was heard at a previously set status hearing. Media Parties became interested in the sealed evidence once the government announced its intention to dismiss the charges because it was indicative of a troubling pattern during Midway Blitz where the government brought charges against individuals without sufficient evidence to convict.

9.     In the short time between when the motion to dismiss was filed and when it was heard, Media Parties' acted quickly and counsel for Media Parties appeared that afternoon to make an oral motion to intervene.

10.     Moreover, Defendant Martinez's counsel had previously indicated that he was a willing speaker when he did not oppose the motion to intervene and agreed that the evidence

would be helpful to "correct the record" and contradict the false claims the government was perpetuating about his client.  Dkt. 82, at 9.

11.     Despite the District Court's error in denying the motion to intervene, dismissal of the appeal is warranted because the sought after materials have since been made public.

12.     On January 26, 2026, Ms. Martinez moved to modify the protective order. Dkt. 100.

13.     The District Court granted the motion on February 6, 2026 and the parties agreed to a modification that allowed Ms. Martinez to share body-worn camera footage and text messages sent by the agent responsible for her shooting with the public and press. Dkt. 109.

14.     While Media Parties do not believe that this modification moots their appeal with respect to the District Court's denial of intervention, Media Parties respectfully move to voluntarily dismiss this appeal because the transparency objectives behind the appeal have been met now that the public has access to the evidence of the government's misconduct in this case.

Dated: March 12, 2026                         Respectfully submitted,

                                              By: /s/ Steven P. Mandell

                                              Attorneys for Media Parties

Steven P. Mandell, counsel of record (ARDC # 6183729)
smandell@mandellpc.com
Brian D. Saucier (ARDC # 6226006)
bsaucier@mandellpc.com
Mandell P.C.
One North Franklin, Suite 900
Chicago, IL 60606
(312) 801-6337

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system on all counsel of record.

By: /s/ Steven P. Mandell
Steven P. Mandell